# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RICHARD K. HINCHMAN,**

    **Plaintiff,**

v.                                        **Civil Action No. 2:11cv56**
                                                    **(Judge Bailey)**

**VICKIE GHEEN, RN,**
**BRADY STEPHENS, Corr. Hearing Officer,**

    **Defendants.**

## REPORT AND RECOMMENDATION

The *pro se* plaintiff initiated this civil rights action against the above-named defendants on July 27, 2011. On August 5, 2011, the undersigned entered a Report and Recommendation that the plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied given his accrued Prisoner Trust Account balance. On August 12, 2011, the plaintiff paid the $350 filing fee, and on August 16, 2011, the Honorable John Preston Bailey entered an Order denying the plaintiff's Motion to Proceed *in forma pauperis* and dismissing as moot the Report and Recommendation.

On August 17, 2011, the undersigned conducted a preliminary review of the plaintiff's complaint and determined that summary dismissal was not warranted.[1] Because the plaintiff had paid the required filing fee and had not been granted permission to proceed as a pauper, the plaintiff was responsible for obtaining service of process on his own. Accordingly, the plaintiff was advised on the requirements of Rule 4(m) of the Federal Rules of Civil Procedure, and the Clerk was

---

[1] Liberally construed, the plaintiff's complaint alleges that defendant Gheen retaliated against him for filing grievances against her for failing to perform her duties as the medical Administrator at the St. Marys Correctional Center. With respect to defendant Stephens, the plaintiff alleges that he failed to properly perform his duties as a hearing officer.

directed to issue 21-days summonses for the defendants and forward those forms to the plaintiff. On August 26, 2011, the summonses were returned "executed" as to each defendant.

On September 9, 2009, defendant Gheen filed a Motion to Dismiss, and on September 13, 2011, defendant Stephens filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On September 14, 2011, the plaintiff was issued a Roseboro Notice. The plaintiff was granted an extension of time to December 15, 2011, to file a reply. To date, the plaintiff has not filed a reply to the Roseboro Notice.

In Support of their Motions to Dismiss, each defendant alleges insufficient service of process. As noted by the defendants, Rule 4 of the Federal Rules of Civil Procedure provides in Section (c)(2) that "[a]ny person who is at least 18 years old and not a party may serve a Summons and Complaint." In the instant case, the Return of Service indicates that the plaintiff served the summons and complaint upon each defendant as shown by the Proof of Service that he filed. (Doc. 23.) Accordingly, the plaintiff has failed to obtain proper service on the defendants, and has failed to provide any excuse for said failure, or requested additional time to accomplish proper service pursuant to Rule 4 of the Federal Rules of Civil procedure. Therefore, the plaintiff's complaint should be dismissed.

The undersigned notes that in reviewing this matter for purposes of preparing the instant Report and Recommendation, it has come to his attention that even if Brady Stephens had been served properly, he still should be dismissed as a defendant. In Butz v. Economou, 438 U.S. 478, 508 (1978), the Supreme Court declared that "[a]lthough a qualified immunity from damages liability should be the general rule for executive officials charged with constitutional violations, our decisions recognize that there are some officials whose special functions require a full exemption from liability." Applying the reasoning set forth in Butz, the Fourth Circuit has concluded that

absolute immunity attaches to certain members of the executive branch when their role in administrative adjudicatory proceedings is functionally comparable to that of a judge. See Ward v. Johnson, 690 F.2d 1098 (4th Cir. 1982).

It is clear from reading the State of West Virginia Division of Corrections Policy Directive Number 325, that the role of a correctional magistrate[2] is functionally comparable to that of a judge. Accordingly, Magistrate Stephens[3] is entitled to absolute immunity and should be dismissed as a defendant.

Accordingly, the undersigned **RECOMMENDS** that:

(1) Defendant Gheen's Motion to Dismiss (dckt. 24) be **GRANTED,** and the plaintiff's complaint as it relates to her be **DISMISSED WITHOUT PREJUDICE** for failure to obtain proper service;

(2) Defendant Stephens Motion to Dismiss or, in the alternative Motion for Summary Judgment, (Doc) 26) be **GRANTED**, and the plaintiff's complaint as it relates to him be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted;

(3) the plaintiff's complaint (Doc. 1) be removed from the active docket of this Court.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of such

---

[2] A correctional magistrate is a Division of Corrections' employee who is employed independent of the institutional chain of command to conduct inmate disciplinary hearings pursuant to division policy. Policy Directive 325.00 III Definitions.

[3] Although the plaintiff refers to defendant Stephens as a Correctional Hearing Officer, a previous case filed in this district establishes that he is a correctional magistrate. See 2:10cv00088-JPB-JES.

objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: May 14, 2012

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE