IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**RICHARD K. HINCHMAN,**

   Plaintiff,

v.                CIVIL ACTION NO. 2:11-CV-56
                    (BAILEY)

**VICKIE GHEEN, RN,**
**BRADY STEPHENS, Corr. Hearing Officer,**

   Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge David J. Joel. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on May 14, 2012 [Doc. 38]. In that filing, the magistrate judge recommended that this Court grant Defendant Gheen's Motion to Dismiss [Doc. 24] and dismiss without prejudice the plaintiff's complaint [Doc. 1] to the extent that it pertains to Defendant Gheen for failure to obtain proper service [Doc. 38 at 3]. In addition, the magistrate judge recommended that this Court grant Defendant Stephens' Motion to Dismiss [Doc. 26] and dismiss with prejudice the plaintiff's complaint [Doc. 1] to the extent that it pertains to Defendant Stephens for failure to state a claim upon which relief can be granted [Doc. 38 at 3]. Finally, the magistrate judge recommended that the plaintiff's complaint [Doc. 1] be removed from the active docket of

this Court [Doc. 38 at 3].

Pursuant to 28 U.S.C. § 636 (b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Joel's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). However, the docket reflects that the R&R was returned as undeliverable on May 21, 2012 [Doc. 39]. To date, no objections have been filed.

The plaintiff filed his complaint on July 27, 2011 [Doc. 1]. On the same day, the Court sent the plaintiff a Notice of General Guidelines for Appearing Pro Se in Federal Court, informing the plaintiff that he must keep the Court apprised of his current address and that failure to do so may result in the action being dismissed without prejudice [Doc. 6 at 1]. The docket reflects that the plaintiff received this notice on July 29, 2011 [Doc. 8]. As previously stated, the copy of the magistrate judge's May 14, 2012, R&R mailed to the plaintiff was returned as undeliverable [Doc. 8]. After unsuccessful attempts to locate updated address information for the plaintiff on the website for the West Virginia Division of Corrections, this Court contacted the records department for St. Mary's Correctional

Center, which was the last known address for the plaintiff.  This Court was informed that the plaintiff had been discharged on March 1, 2012.  The returned envelope has "unable to forward" stamped under the plaintiff's name.  In addition, the plaintiff has failed to update his address upon discharge from St. Mary's Correctional Center, which was nearly three months before this Court attempted to mail a copy of the R&R to the plaintiff [*See* Docket Sheet for Case Number 2:11-CV-56].  Because the plaintiff has not met his obligation to keep this Court advised as to his most current address, this action will be dismissed without prejudice as it pertains to Defendant Gheen and with prejudice as it pertains to Defendant Stephens.[1]

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 38]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  As such, this Court **GRANTS** Defendant Gheen's Motion to **DISMISS [Doc. 24]** and **DISMISSES without prejudice** the plaintiff's complaint **[Doc. 1]** to the extent that it pertains to Defendant Gheen.  In addition, this Court **GRANTS** Defendant Stephens' Motion to Dismiss **[Doc. 26]** and **DISMISSES with prejudice** the plaintiff's complaint **[Doc. 1]** to the extent that it pertains to Defendant Stephens.  Therefore, this matter is hereby **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is directed to enter

---

[1]As discussed in the R&R, Defendant Stephens should be dismissed with prejudice because he is entitled to absolute immunity based upon his role as a correctional magistrate, which is functionally comparable to that of a judge.  ***Ward v. Johnson***, 690 F.2d 1098, 1104-05 (4th Cir. 1982) (relying on ***Butz v. Economou***, 438 U.S. 478 (1978); *see also* a previous ruling in this district establishing that Defendant Stephens is a correctional magistrate, despite the plaintiff's reference to the defendant as a Correctional Hearing Officer [Case No. 2:10-cv-88 Docs. 41 and 43].

a separate judgment in favor of the defendants.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** June 7, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE